NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MANUEL GUERRERO-CANDIDO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 13-73756 Agency No. A093-158-990 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020**

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Juan Manuel Guerrero-Candido, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen proceedings conducted

in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Guerrero-Candido's motion to reopen based on lack of notice, where he did not update his mailing address as required. *See* 8 U.S.C. §§ 1229(a)(2)(B), 1229a(b)(5)(B); *Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("failure to update [the] address . . . relieves the government of its responsibility to provide [the petitioner] with written notice of [the] hearing"), *overruled on other grounds by Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019).

Guerrero-Candido does not raise, and therefore waives, any challenge to the agency's denial of his motion based on exceptional circumstances on the ground that he did not show the required due diligence to equitably toll the filing deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). Because the diligence determination is dispositive, we do not address Guerrero-Candido's contentions that the agency incorrectly applied *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or incorrectly required a showing of prejudice. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

To the extent Guerrero-Candido otherwise contends the agency misapplied

legal standards, his contention is not supported. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law).

As stated in the court's January 16, 2014 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**